UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ONIX DIAZ,

                              Plaintiff,

    -against-

NEW YORK CITY,
AND UNIDENTIFIED POLICE OFFICERS

                              Defendant(s).
----------------------------------------------------------X

12 cv 4937 Judge Swain
**COMPLAINT**

**JURY TRIAL DEMANDED**

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5    This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6    The plaintiff, ONIX DIAZ, is a resident of Bronx County in the City and State of New York.

7    Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants Unidentified Police Officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8    Upon information and belief, at all times hereinafter mentioned, defendants Unidentified

Police Officers, were employed by the defendant, NYC, as members of its police department.

9      Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10     The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under color of law.

## STATEMENT OF FACTS

13     On March 26, 2011, at approximately 12:05 am plaintiff was in an automobile driven by his friend Orlando Santos on the Major Deagan Expressway northbound approaching the Grand Concourse exit in the Bronx.

14     Santos was fleeing from the police who were trying to give him a ticket possibly for a blown headlight.

15     At no point in time was Diaz driving nor was he engaged in any illegal activities.

16     As Santos tried to escape, his car became wedged between two cars on the Major Deagan Expressway and he was unable to move it.

17     Two Unidentified defendant officers, without provocation, shot at the automobile nineteen times, killing Santos and inflicting severe emotional distress upon the plaintiff as well as causing

plaintiff to be injured as glass from the windows of the car shattered onto him.

18    Plaintiff believed he would be killed during the shooting.

19    Directly after the unjustified shooting, the plaintiff was pulled out of the car and thrown forcefully to the ground, without provocation or legal necessity.

20    The unnecessary excessive force caused plaintiff injuries including to his knee and his face and caused him to fear further harm at the hands of the officers who had unnecessarily shot and killed his friend who was quite literally about one foot away from him, and whose blood and other parts of his bloody anatomy, were on plaintiff's clothing and person.

21    The NYPD published disingenuous accounts of the incident alleging that Diaz was out of the car before the shooting occurred.

22    On or about May 18, 2011 the plaintiff filed his Notice of Claim.

23    To date, no 50H Hearing has been conducted as to the plaintiff.

24    Over thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

25    The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiff and plaintiff's federal claims are brought in a timely manner, within three years of the date they accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

26    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27    The plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously and maliciously battered him with no need to use any force much less

the excessive force they employed.

28      Plaintiff was pulled from Santos' car and thrown forcefully to the ground, with no legal necessity to do so, nor did any legal justification exist for the excessive force plaintiff was subjected to.

29      The said battery of the plaintiff was effected by the defendants without authority of law and without any reasonable necessity to use any force much less the excessive force they employed.

30      The force defendants employed was used without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

31      The defendants who observed the physical abuse of the plaintiff and who had a reasonable opportunity to intervene and failed to do so are liable to the plaintiff via their failure to act pursuant to their duty to intervene to prevent violations of plaintiff's rights committed in their presence.

32      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

33      By reason of the unlawful use of excessive and unreasonable force, the plaintiff was subjected to various physical and emotional harms, and he was otherwise harmed.

34      By reason of the aforesaid, the plaintiff has been damaged in a sum of compensatory damages to be determined at trial, he is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK VIA**
**BATTERY**

35      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36      The defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of respondeat superior.

37      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR §

1602(1)(b).

38   On March 26, 2011 defendants committed a battery of the plaintiff in that their touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

39   By reason of the unlawful battery, the plaintiff was subjected to various physical and emotional harms, and he was otherwise harmed.

40   By reason of the aforesaid, the plaintiff has been damaged in a sum of compensatory damages to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
### NEW YORK STATE LAW VIA
### ASSAULT

41   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42   On the aforementioned date, time and place the defendants committed the tort of assault against the plaintiff by causing him to be in apprehension of an imminent, unconsented, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

43   Plaintiff had a realistic belief he would be killed by the hail of bullets entering the car

44   By reason of the aforesaid, committed by defendants, plaintiff suffered extreme fear, anxiety and various emotional harms and he was otherwise damaged.

45   By reason of the aforesaid, the plaintiff has been damaged in a sum of compensatory damages to be determined at trial.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum of compensatory damages to be determined at trial on all his causes of action as well as for punitive damages on his First Cause of Action, and that an award of attorneys' fees is appropriate pursuant

to 42 U.S.C. §1988 together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: June 22, 2012
      New York, New York

                         / s /
                    FRED LICHTMACHER (FL-5341)
                    The Law Office of Fred Lichtmacher P.C.
                    Attorneys for Plaintiff
                    The Empire State Building
                    350 5th Avenue Suite 7116
                    New York, New York 10118
                    (212) 922-9066

To:    Michael Cardozo
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007